IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                        No.   2:19-CR-153-Z

ESTELLE ARCHER

## PLEA AGREEMENT

ESTELLE ARCHER, ("E. Archer"), the defendant, E. Dean Roper, the

defendant's attorney, and the United States of America ("the government") agree as

follows:

1.     **Rights of the defendant**:     The defendant understands that the defendant

has the rights:

   a.  to plead not guilty;

   b.  to have a trial by jury;

   c.  to have the defendant's guilt proven beyond a reasonable doubt;

   d.  to confront and cross-examine witnesses and to call witnesses in the
     defendant's defense; and

   e.  against compelled self-incrimination.

2.     **Waiver of rights and plea of guilty**:     The defendant waives these rights

and pleads guilty to the offense alleged in Count One of the Information, charging a

violation of 18 U.S.C. § 641, that is, Theft of Public Money of a Value of Less than

$1,000; and 18 U.S.C. § 2, that is Aiding and Abetting.   The defendant understands the

nature and elements of the crime to which the defendant is pleading guilty, and agrees

that the factual resume the defendant has signed is true and will be submitted as evidence.

3.   **Sentence**:   The maximum penalties the Court can impose include:

    a.   a term of imprisonment of not more than one (1) year;

    b.   a fine of not more than $100,000.00, or twice the gross pecuniary gain the defendant derives from the offense, or twice the gross pecuniary loss to the victim(s);

    c.   a mandatory special assessment of $25.00;

    d.   restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    e.   costs of incarceration and supervision; and

    f.   forfeiture of property.

4.   **Immigration Consequences:**   The defendant recognizes that pleading

guilty may have consequences with respect to the defendant's immigration status if the

defendant is not a citizen of the United States.   Under federal law, a broad range of

crimes are removable offenses.   The defendant understands this may include the offense

to which the defendant is pleading guilty, and for purposes of this plea agreement,

defendant assumes the offense is a removable offense.   Removal and other immigration

consequences are the subject of a separate proceeding, however, and the defendant

understands that no one, including the defendant's attorney or the district court, can

predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.   The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5.     **Court's sentencing discretion and role of the Guidelines:**     The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.   The guidelines are not binding on the Court, but are advisory only.   The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   The defendant fully understands that the defendant will not be allowed to withdraw the defendant's plea if the applicable advisory guideline range is higher than expected, and the defendant's sentence is higher than expected, or if the Court departs from the applicable advisory guideline range, and the defendant's sentence is higher than expected.   The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.     **Mandatory special assessment**:     The defendant agrees to pay to the United States District Clerk the amount of $25.00, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement**:   The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offenses of conviction, and to give complete and truthful testimony in a trial of co-defendants. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding the defendant's capacity to satisfy any fines or restitution.   The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.   The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.   In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.   The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8. **Waiver of Statute of Limitations**:   After full consultation and advice of her attorney, the defendant agrees that, to the extent it applies, it would be in her best interest to waive the statute of limitations set forth in Title 18, United States Code § 3282, for any and all criminal offenses investigated by the Department of Agriculture Office of

**Estelle Archer**
**Plea Agreement - Page 4**

Inspector General, which were committed from in or about September 2002, and continuing to in or about June 2017, including any and all related conduct, in exchange for this plea agreement.

9. **Government's agreement**:    The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.   The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.   This plea agreement is limited to the United States Attorney's Office for the Northern District of Texas, and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10. **Defendant and government's agreement on loss amount and restitution**:    The defendant, the defendant's attorney, and the government agree that the loss is One Hundred Twenty-Two Thousand, One Hundred Fifty-Three Dollars and No Cents ($122,153.00), which represents the total amount of loss of government funds as a result of defendant's criminal conduct.   The defendant agreed to pay the restitution in full by Cashier's Check made payable to the United States District Clerk for the Northern District of Texas, for disbursement to the United States Department of Agriculture Federal Crop Insurance Corporation.   The defendant further agreed that the Cashier's Check would be delivered to the Office of the United States Attorney on the date that the Misdemeanor Information was filed, and the Cashier's Check would be held by the

Office of the United States Attorney until the date of sentencing.   On October 7, 2019,

the defendant delivered Cashier's Check No. 734930, in the full amount of $122,153.00,

to the Office of the United States Attorney.   Notwithstanding this agreement regarding

the loss amount and restitution paid to the government, defendant also fully understands

that defendant will not be allowed to withdraw the plea if, after a Presentence Report has

been prepared, the amount of loss is found to be higher than expected.   Defendant fully

understands that the actual sentence imposed (so long as it is within the statutory

maximum) is solely in the discretion of the Court.

      11.   **Defendant and government's additional agreement on defendant's
voluntary exclusion and debarment**:   The defendant, the defendant's attorney, and the

government agree that the defendant shall be and is voluntarily excluded, directly and

indirectly, from participation in any and all USDA, FSA, FCIC, and RMA Programs.

This voluntary exclusion is also a voluntary debarment, and the defendant will not contest

any and all actions taken to execute the debarment.   Pursuant to this voluntary exclusion

and debarment, the defendant agrees that defendant will not have any ownership interest,

management interest, or serve as an officer, director, key employee, or consultant of any

corporation, partnership, sole proprietorship, or any other individual or legal entity

participating in any of the USDA, FSA, FCIC, and RMA Programs.   The defendant

agrees that defendant will execute any and all documents to implement this voluntary

exclusion and debarment.

**Estelle Archer**
**Plea Agreement - Page 6**

12.   **Violation of agreement**:   The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.   In such event, the defendant waives any objections based upon delay in prosecution and/or the statute of limitations.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13.   **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.   There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14.   **Waiver of right to appeal or otherwise challenge sentence**:   The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court.   The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an

Estelle Archer
Plea Agreement - Page 7

arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea

of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15.   **Representation of counsel**:   The defendant has thoroughly reviewed all

legal and factual aspects of this case with the defendant's attorney and is fully satisfied

with that attorney's legal representation.   The defendant has received from the

defendant's attorney explanations satisfactory to the defendant concerning each

paragraph of this plea agreement, each of the defendant's rights affected by this plea

agreement, and the alternatives available to the defendant other than entering into this

plea agreement.   Because the defendant concedes that the defendant is guilty, and after

conferring with the defendant's attorney, the defendant has concluded that it is in the

defendant's best interest to enter into this plea agreement and all its terms, rather than to

proceed to trial in this case.

16.   **Entirety of agreement**:   This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.   This plea agreement supersedes any and all other promises,

representations, understandings, and agreements that are or were made between the

parties at any time before the guilty plea is entered in court.   No promises or

representations have been made by the United States except as set forth in writing in this

plea agreement.

AGREED TO AND SIGNED this _____ 8th _____ day of _____ October _____ , 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
ESTELLE ARCHER
Defendant

_____
PAULINA M. JACOBO
Assistant United States Attorney
Texas State Bar No. 10516700
1205 Texas Avenue, Suite 700
Lubbock, Texas   79401
Telephone: 806-472-7351
Facsimile:   806-472-7394
Email:   Paulina.jacobo@usdoj.gov

_____
E. DEAN ROPER
Attorney for Estelle Archer
Texas State Bar No. 17233200

_____
JEFFREY R. HAAG
West Texas Branch Chief
Texas State Bar No. 24027064

**Estelle Archer**
**Plea Agreement - Page 9**

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.

_____          _____10/8/19_____
ESTELLE ARCHER                                           Date
Defendant


I am the defendant's counsel.   I have carefully reviewed every part of this plea agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____          _____10/8/19_____
E. DEAN ROPER                                           Date
Attorney for Estelle Archer

**Estelle Archer**
**Plea Agreement - Page 10**